Opinion

per curiam:

We restate the facts as they are stated in the plaintiff’s petition, as supplemented by the defendant’s answer. There is no dispute between the parties as to the facts.
The plaintiff is a retired letter carrier. He retired on January 31, 1943, having reached the age of 82 and having completed 24 years, 9 months and 13 days of service. He was allowed an annuity of $990 under the retirement statute. He claims that he should have been allowed an annuity of $1,200. Statutes enacted in 1948,1952 and 1955 have greatly increased the plaintiff’s annuity since the date of his retirement, but the ratio between what he has received and what he claims remains the same. We therefore discuss the situation as it was in 1943.
Section 1 of the Civil Service Retirement Act approved May 29,1930, 46 Stat 468, as amended by section 1 of the Act of January 24,1942, 56 Stat. 13 (5 IT. S. C., 1946 ed., 691 (b)) says:
(b) Any officer or employee to whom this Act applies who shall have attained, or shall hereafter attain the age of sixty years and have rendered at least thirty years of service computed as prescribed in section 5 of this Act, or who shall have attained, or shall hereafter attain the age of sixty-two years and have rendered at least fifteen years of such service may, upon his own option, retire and shall be paid an annuity computed as provided in section 4 of this Act.
Section 4, last referred to, is section 4 of the Act of January 24,1942, 56 Stat. 16, 5 U. S. C., 1946 ed., 698. It says so far as here relevant:
(b) The total annuity paid shall in no case be less than an amount equal to the average annual basic salary, pay, or compensation, not to exceed $1,600 per annum, received by the employee during any five consecutive years *471 of allowable service at the option of the employee, multiplied by the number of years of service, not exceeding thirty years, and divided by forty; * * *
The plaintiff’s average annual salary for his best five years was more than the $1,600 maximum named in the statute, hence his annuity was computed by multiplying $1,600 by twenty-four and three-fourths (the 24 years and 9 months of his service, disregarding, as the statute required, the additional thirteen days), and dividing the product by forty. The result was the $990 which he was allowed.
The plaintiff says that the $1,600 should have been multiplied by thirty instead of by twenty-four and three-fourths. If it had been multiplied by thirty and the product had been divided by forty, the result would have been $1,200, the amount the plaintiff claims.
The plaintiff has misread the statute. It does not say that the $1,600 should be multiplied by thirty. It says it should be multiplied by “the number of years of service, not exceeding thirty.” If, as in the plaintiff’s case, the number of years of service was twenty-four and three-fourths, or in any case where the number of years of service is fifteen or more, but less than thirty, the proper multiplier is the actual number of years of service.
The plaintiff’s annuity was correctly computed. He is not entitled to recover and his petition will be dismissed.
It is so ordered.